UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| STACIE SILLS, | ) No. CV 12-04320-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1. Whether the Administrative Law Judge'S ("ALJ") credibility

determination is supported by substantial evidence. (JS at 5.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

## I

## THE ALJ'S CREDIBILITY DETERMINATION
## IS SUPPORTED BY SUBSTANTIAL EVIDENCE

In this litigation, Plaintiff raises a single issue: the correctness and adequacy of the determination by the ALJ of her credibility as to subjective symptoms. (JS at 5.) In order to address this issue, the Court will briefly summarize pertinent parts of the record.

The principal part of the Decision as it pertains to evaluating Plaintiff's credibility is contained at AR 21-22. There is no dispute that the ALJ correctly followed the well known two-step process which requires an initial determination of whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce a claimant's pain or other symptoms, and if that is met, whether the entire case record supports a finding substantiating a claimant's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms. (See AR at 21, and Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); Social Security Ruling ("SSR") 96-7p.

Social Security administrative decisions are not prepared

utilizing a form or a particular format, and thus, a reviewing Court must review the entire decision in order to determine whether, as to particular issues, it is supported by substantial evidence.

In this case, the ALJ summarized Plaintiff's subjective complaints as contained in various parts of the record. He thus cited her October 2, 2008 Pain Questionnaire (AR 21-22, 206-208), in which Plaintiff stated that her pain began to affect her activities some time in 2007. As the ALJ observed, there is an inconsistency between this date and the alleged onset date of disability, March 1, 2003. (AR 18.) The ALJ concluded that this inconsistency indicates that Plaintiff's pain was not as significant as alleged prior to 2007. (AR 21.)

The ALJ also noted Plaintiff's statements in an administrative document called "External Activities Questionnaire" (AR 21, 211-213), in which Plaintiff stated that sometimes she uses a wheelchair while shopping and a cane for walking, needs to nap during the day, and is generally in a lot of pain. Plaintiff also stated that she only takes pain medication at night because the medications make her drowsy. The ALJ concluded that this inconsistency indicates that her pain is not as significant as she alleges during the daytime. (AR 22.)

The ALJ cited testimony at the administrative hearing of April 1, 2010 that Plaintiff's asthma inhalers make her nervous and shaky, but the ALJ noted that there is no indication that Plaintiff has attempted to adjust her asthma medication to address these side effects. He further noted Plaintiff's Asthma Questionnaire indicates she had never been to an emergency room or hospitalized because of an asthma attack, but she found it hard to breathe at night as opposed to during the day which, the ALJ observed, would be the likely time she would be

working. Further, the ALJ noted the record does not contain any pulmonary function tests, and he further cited Plaintiff's testimony at the administrative hearing that she has not gone to an emergency room for asthma, but just uses steam to alleviate symptoms of asthma. The ALJ determined that this evidence indicates that Plaintiff's asthma is not as significant symptomatically as Plaintiff alleges. (AR 22.)

The ALJ further cited administrative hearing testimony in which Plaintiff indicated she has muscle spasms four to five times a day and she has to lay down as a result, that she uses electrical stimulation and has had cortisone injections and chiropractic care for pain relief, and that she needs assistance with bathing and putting on her shoes because of her back. The ALJ indicated there is a lack of objective evidence to support these allegations. (AR 22.)

The ALJ further cited evidence of missed medical appointments as a reason to depreciate credibility. (AR 22, 302-340.)

The ALJ concluded that while Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her testimony as to the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the determined residual functional capacity ("RFC") assessment (AR 22).[1]

---

[1] The RFC is assessed at ¶ 5, AR 20-21, and provides for an ability to perform sedentary work before April 26, 2010, and after that date, assesses an ability to perform sedentary work with additional limitations. (Id.) It is noted that the ALJ made these findings utilizing April 26, 2010, which was the date that she received a consultative examination by orthopedist Dr. Conaty (AR 379-383). Based on the limitations in functional ability assessed by Dr. Conaty, the ALJ imposed these further restrictions in Plaintiff's RFC
(continued...)

1  In addition to the specific discussion of credibility related
2 factors as summarized above, there is also additional discussion in
3 the Decision of factors which pertain to credibility assessment. The
4 Commissioner notes some of these factors in his portion of the JS, at
5 ¶¶ 10-11. Because of the nature of this discussion, the Court
6 determines that it should also be considered in the ALJ's
7 determination of credibility assessment, and the Court's review of the
8 sufficiency of that determination. These factors include the ALJ's
9 notation that Plaintiff admitted she stopped working in 2002 because
10 the company closed, and not because of any impairment. Further, she
11 looked for work after her alleged onset date of disability. (AR 19,
12 51-52, 73, 200.) As the Commissioner notes, Ninth Circuit authority
13 supports consideration of this type of factor in the credibility
14 assessment. See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir.
15 2001); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988).

16  Further, although Plaintiff asserts that there is no evidence of
17 malingering in the record, and thus the ALJ's articulation of reasons
18 for rejecting subjective testimony must be based on the "clear and
19 convincing" standard (see JS at 6), nevertheless, the ALJ specifically
20 observed that Plaintiff "exerted questionable effort with respect to
21 her left upper extremity's strength" during the April 26, 2010
22 consultative examination ("CE") by Dr. Conaty. (AR 20, 381.) In an
23 abundance of caution, however, because the ALJ did not specifically
24 find evidence of malingering, the Court will not base its review upon
25 the standard reserved for such circumstances.

26  In order to analyze the sufficiency of the evidence, the Court

---

28 [1](...continued)
as of the date of the examination.

5

adheres to the standards of evaluation set down by the Ninth Circuit, and has already cited some of the pertinent decisions of that Court. As Plaintiff correctly points out, credibility determinations cannot rely solely on a lack of objective medical evidence. On the other hand, a lack of objective medical evidence is one factor which may be considered in the credibility determination process. See 20 C.F.R. §§ 404.1529(c)(1) & (2); 416.929(c)(1) & (2). See also SSR 96-7p. The Court notes, however, that there is an analytical difference between a lack of corroborating medical evidence and a contradiction between subjective claims and existing medical evidence. See Morgan v. Commissioner, 169 F.3d 595, 599-600 (9th Cir. 1999). In this case, both aspects of that standard exist; i.e., a lack of corroborating medical evidence, and a contradiction between subjective claims and existing medical evidence. Generally, credibility determination is based on an analysis of a wide variety of evidence, as required by relevant statute and rules. There is no particular quantum of evidence which establishes sufficient or substantial evidence in the record. Rather, the Court must determine whether the types of evidence cited in an ALJ's decision are substantial enough to generally support a credibility finding. Here, the Court has done this careful evaluation, and finds that a variety of different types of evidence was cited by the ALJ, and that evidence goes well beyond Plaintiff's contention that the ALJ's Decision is mainly based on a lack of objective medical evidence. Indeed, the variety of different types of evidence relied upon creates a coherent and logical basis upon which the credibility determination was made. Moreover, the ALJ did not totally depreciate Plaintiff's credibility; rather, it was only to the extent that it was inconsistent with the RFC

determination, which provides for a very limited amount of sedentary work.

Based on the foregoing, the Court cannot find error in the ALJ's credibility determination. The Decision of the ALJ will be affirmed and the matter will be dismissed with prejudice.

**IT IS SO ORDERED**.


DATED: March 1, 2013                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE